86 F.3d 1146
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Hector FIGUEROA-ORTEGA, Plaintiff, Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant, Appellee.
 No. 95-1943.
 United States Court of Appeals, First Circuit.
 June 17, 1996.
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Jose Antonio Fuste, U.S. District Judge]
 Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief for appellant.
 Guillermo Gil, United States Attorney, Rosa E. Rodriguez-Velez, Acting Chief, Civil Division, and Donna C. McCarthy, Assistant Regional Counsel, Social Security Administration, on brief for appellee.
 D.Puerto Rico.
 AFFIRMED.
 Before SELYA, CYR and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Claimant Hector Figueroa appeals from the judgment of the district court upholding the decision of the Secretary of Health and Human Services that he is not entitled to Social Security disability benefits. Claimant raises two issues on appeal. In regard to his alleged mental impairment, we essentially agree with the district court's reasoning, so will not repeat it here. However, we decide the question regarding claimant's asthma on a slightly different ground.
 
 
 2
 The record does not support claimant's contention that he met the listing for asthma, section 3.03B of Appendix 1. Specifically, claimant has not shown that he experienced an average of six "severe attacks" of asthma per year as required by Section 3.03C. In 1990, the evidence shows only that claimant was seen for "emergency" treatment on four occasions. Even if the number could be overlooked, none of the asthma attacks for which claimant sought this treatment was shown to have lasted over one hour. As for 1991, claimant arguably suffered more than six "severe attacks" of asthma (the five visits to Dr. Campos and the three-day hospitalization). However, as in 1990, there is no evidence in the record that these attacks, aside from the attack for which claimant was hospitalized, lasted even an hour. The only asthma attack for which a time was reported is the February 25 visit to Dr. Campos and this attack lasted only 45 minutes. Finally, in 1992, the record documents only one emergency treatment for an asthma attack.
 
 
 3
 Further, there is evidence in the record which rebuts the existence of an impairment of listed severity. First, both Drs. Rivera and Campos--claimant's treating physicians--stated that claimant's asthma responded to treatment. See Transcript, at 202 (asthma "moderately controlled" with medicine); 349 (asthma "reversible" with a bronchodilator). Another treating physician, Dr. Marcantoni, opined only that claimant could not do his prior heavy work. Finally, the RFC assessments from 1990, 1991 and 1992 indicate that claimant can work in areas which have good ventilation and which are free from odors, dusts, fumes, gases, wetness, humidity, and extremes of temperature. This evidence plainly contradicts the opinions of other physicians that claimant's asthma rendered him totally disabled. Conflicts in the evidence are for the Secretary, not the courts. Irlanda Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir.1991) (per curiam). Given that the ALJ's hypothetical to the VE included the limitations outlined in the RFC assessments, his decision that claimant's asthma does not preclude him from working is supported by substantial evidence. See id.
 
 
 4
 The judgment of the district court is affirmed.